UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA VERON, wife of/and
MATTHEW KERRIGAN                                         CIVIL ACTION

VERSUS                                                   NO. 06-4644

LARRY J. TALAMO and
STATE FARM INSURANCE COMPANY                             SECTION: B(3)

## ORDER

Before the Court is Plaintiffs Pamela Veron and Matthew Kerrigan's Motion to Remand (Rec. Doc. No. 8).  For the following reasons,

**IT IS ORDERED** that the motion is **DENIED**.

### *BACKGROUND*

On July 17, 2006, Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans naming Larry Talamo, their insurance agent, and State Farm, Talamo's employer, as Defendants.  (Rec. Doc. No. 1 at Petition for Damages).  Plaintiffs allege that Talamo, as their agent with State Farm, was negligent in his failure to include contents insurance on their flood insurance policy.

Plaintiffs' relationship with Talamo as their State Farm agent began in 1995.  In October 2001, Plaintiffs purchased a lot on Hay Place in New Orleans.  Around July or August 2002, Plaintiffs sold their home on West End Boulevard and began renting while they built a house on the lot on Hay Place.  In May 2004, construction on the Hay Place home was completed and Plaintiffs moved in.  After notifying Talamo of this, Defendant added contents coverage to Plaintiffs' homeowners policy in the amount of $132,000.  However, Plaintiffs claim that "due to an oversight by Larry J. Talamo or his office," the contents coverage under their flood policy

was not increased from zero to $100,000.  (Rec. Doc. No. 1 at Petition for Damages, ¶ 10).

Unrefuted affidavits in support of summary judgment attest that Plaintiffs received notices from

State Farm in 2003, 2004, and 2005 that reflected no flood insurance coverage for contents

losses.  (Rec. Doc. No. 1 at Exhibit 2).

Following removal, Plaintiffs filed the instant motion to remand claiming that Talamo, as

a named defendant and resident of Louisiana, destroys complete diversity.  (Rec. Doc. No. 8 at

3).  Defendants, however, contend that Talamo was improperly joined because Plaintiffs' claims

against him have prescribed; therefore, because State Farm is an Illinois corporation with its

principle place of business in Illinois, complete diversity remains intact and removal is proper.

(Rec. Doc. No. 11 at 1).

## *LAW AND ANALYSIS*

A.     IMPROPER JOINDER STANDARD

Civil actions may be removed from state court when the United States district courts have

original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded

on a claim "arising under the Constitution, treaties or laws of the United States," the action is

removable "only if none of the parties in interest properly joined and served as defendants is a

citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the

requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove

a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th

Cir. 2004).

In certain circumstances, however, a party may remove by showing that a nondiverse

party was improperly joined.  *Id.*  There are two ways to establish improper joinder:  "'(1) actual

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court.'" *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* Ultimately, the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The scope of inquiry, however, is somewhat broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Ross v. Citifinancial*, *Inc.*, 344 F.3d 458, 461 (5th Cir. 2003) (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

B.     TALAMO WAS IMPROPERLY JOINED

Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year peremptive period for claims against insurance agents. The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the

alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
LA. REV. STAT. ANN. § 9:5606 (2006).

Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006) (citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95). Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at*10 (E.D. La. 7/21/06) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)). Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Id.* Generally, the peremptory period properly runs from the original date of purchase and is not tolled, suspended, or restarted by any subsequent renewals absent (1) some evidence that the agent made later negligent misrepresentations, and (2) that Plaintiffs justifiably relied upon them. *Id.* at *10-*11.

To determine whether Plaintiffs' claims are perempted, the Court must first determine at what moment in time the peremptive period began to run, ie- when the negligence occurred, or when it was discovered or should have been discovered by Plaintiffs. Plaintiffs assert that in May 2004, Talamo's negligence caused the contents coverage under their flood policy to be underinsured. Subsequently, in June 2004 and June 2005, Plaintiffs received renewals and declarations pages which described the full extent of their coverage under the policies, indicating the absence of contents coverage. Plaintiffs do not refute receipt of said materials by countervailing affidavits or other documentation. Plaintiffs initially filed suit on July 17, 2006.

Using the date of purchase of the policy in May 2004 as a starting point, Plaintiffs claims

are well within the three year maximum peremptive period. Therefore, the issue is whether Plaintiffs filed suit within one year of the negligent act, or when it was discovered or discoverable.

In the present case, Plaintiffs offer no evidence that Talamo acted negligently beyond May 2004. More importantly, their petition for damages is devoid of such allegations. Therefore, the peremptive period did not toll. Plaintiffs filed suit on July 17, 2006. Although the date of filing falls within three years of the date that the alleged act, omission, or neglect was discovered or should have been discovered (May 2004), it is well beyond the one year prescriptive period. Thus, the Court finds that Plaintiffs do not stand a reasonable possibility of prevailing under Louisiana law. Consequently, Talamo was improperly joined and removal is proper.

New Orleans, Louisiana, this 19th day of December, 2006.

_____
IVAN L.R. LEMELLE
UNITED STATES JUDGE