UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA VERON, wife of/and
MATTHEW KERRIGAN                                         CIVIL ACTION

VERSUS                                                   NO. 06-4644

LARRY J. TALAMO and
STATE FARM INSURANCE COMPANY                             SECTION: B (3)

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Rec. Doc. No. 15). For the following reasons,

**IT IS ORDERED THAT** the motion is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the underlying motion to remand (Rec. Doc. No. 8) is **GRANTED.**

The Fifth Circuit has explained that when a case is decided dispositively without a trial in the district court, subsequent relief, even if entitled a motion for new trial, is more properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997); *see also Thomas v. Great Atlantic and Pacific Tea Co., Inc.*, 233 F.3d 326, 327 n.1 (5th Cir. 2000) (noting that the district court correctly treated the motion for reconsideration of entry of summary judgment as a motion to alter or amend under Fed. R. Civ.

P. 59(e)); *Patin v. Allied Signal Ins.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990)(motion to reconsider entry of summary judgment is properly styled as a Rule 59(e) Motion); and *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998) ("The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment.").  Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time.  *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); and *Hamilton Plaintiffs*, 147 F.3d at 371 n.10.

     The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred.  *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller").  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; *and Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000).  Further, recycled arguments - previously rejected by the court – serve only to waste judicial resources.  *See Self*, 172 F. Supp. 2d at 816; and *Louisiana v.*

*Sprint Communications, Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.*; *see also Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996). The Court must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence. The *Freeman* court instructed the Court to consider the following in striking the balance: "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." 142 F.3d at 853.

The arguments presented satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 59(e) relief. Plaintiffs, albeit late, provide new evidence tending to establish October 2005 as their initial date of discovery of the insurance agent's alleged act of omission or neglect, namely his alleged failure to procure contents insurance under their flood policy. As such, their claims would not have prescribed until October 2006. LSA-R.S. 9:5606(A). Plaintiffs' filed suit in July 2006. While Defendant contests the validity of Plaintiffs' new evidence, the Court cannot, in a summary judgment context, make a credibility choice over

3

contested material facts.  Finding that Plaintiffs have provided the Court with a basis for altering its ruling or judgment,

      **IT IS ORDERED** that the motion is **GRANTED.**

New Orleans, Louisiana, this 27th day of April, 2007.

                                      IVAN L.R. LEMELLE
                                    UNITED STATES DISTRICT JUDGE